UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SCOTT R. CIRIGLIANO, SR. and
KELLI L. CIRIGLIANO, Individually,
and o/b/o A.L.C., S.R.C., Jr. and A.J.C.,
Infants,

          Plaintiffs,

     v.                                            3:09-CV-0298 (LEK/DEP)

THE VILLAGE OF AFTON, NEW YORK,

          Defendants.

**MEMORANDUM - DECISION and ORDER**

**I.    INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 55, Plaintiffs Scott R. Cirigliano, Sr., and Kelli Cirigliano, individually and on behalf of the designated infant children "A. L. C.," "A. J. C.," and "S. R. C., Jr.," have moved the Court to enter a default judgment in their favor against Defendant, the Village of Afton, New York, in the amount of $183,929.50 for each of these five persons. As such, the total judgment sought is in the amount of $919,475.50. Dkt. No. 11. Plaintiffs' Motion is made on the grounds that Defendant has failed to appear in this action, and that the time allowed for appearance has expired; Plaintiffs rely solely on the records and files in this action and on the October 15, 2009, affirmation of Plaintiffs' attorney, Douglas Walter Drazen, Esq., which has been submitted with the instant Motion. See Clerk's Entry of Default (Dkt. No. 10); and see (Dkt. No. 11) (attorney affirmation and expired deadlines without Defendant response).

**II.    BACKGROUND**

1

Plaintiffs' action asserts a claim against the Village of Afton, New York for failure to comply with notice requirements of available benefits under COBRA (the Consolidated Omnibus Budget Reconciliation Act of 1985). The Court has only the minimal factual allegations contained in Plaintiffs' Complaint to consider in reviewing their pending Motion. (Dkt. No. 1). According to Plaintiffs, Scott R. Cirigliano, Sr. was at all times material to this action employed by the Defendant Village of Afton as a police officer. Kelli Cirigliano was at all times material to this action his spouse, and the named infant Plaintiffs are children of their marriage. The Defendant is alleged to be a municipal corporation formed under the laws of the State of New York, and to have provided its employees, including Scott R. Cirigliano, Sr. with a group health care plan.

Plaintiffs allege that a "qualifying event" under 29 U.S.C. § 1163(2) occurred on or about September 1, 2004, and that Defendant then failed and refused to notify the Plaintiffs of their right to elect continuation coverage, as required by 29 U.S.C. § 1166(a)(4)(A). In relevant part, COBRA provides that "the employer of an employee under a plan must notify the administrator of a qualifying event described in paragraph (1), (2), (4), or (6) of section 603 within 30 days . . . of the date of the qualifying event . . . ." 29 U.S.C. § 1163(2). The "qualifying events" which require such action by an employer are: death of the covered employee; termination (other than by reason of such employee's gross misconduct), or reduction of hours of the covered employee; entitlement to benefits under Title XVIII of the Social Security Act by the covered employee; or a proceeding in a case under Title 11, United States Code, commencing on or after July 1, 1986, with respect to the employer from whose employment the covered employee retired at any time. Id.; 29 U.S.C. § 1163(1), (2), (4) and (6). Plaintiffs' Complaint does not specify what "qualifying event" occurred that triggered the Defendant's notice obligations under COBRA either in terms of category or

factual detail.

It is claimed by Plaintiffs that Defendant's action of failing to provide notice of COBRA benefits was "done in order to punish and retaliate against the plaintiffs for plaintiff Scott R. Cirigliano's investigation into criminal and immoral conduct by one of the defendant's political officials." Plaintiffs further contend that "[a]s a result of those actions and/or failures to act, plaintiffs suffered extreme prejudice and severe financial damages in that they subsequently incurred substantial medical expenses they could not afford, and which eventually led to them losing their home." In their Complaint, Plaintiff notes that Defendant was served with a Notice of Claim as required by New York State law on December 10, 2007, and that Plaintiffs had still not received the notification required by 29 U.S.C.1166(a)(4)(A) at that time. The enforcement provisions under which Plaintiffs bring this action state that:

> Any employer maintaining a plan who fails to meet the notice requirement of section 101(d) with respect to any participant or beneficiary or who fails to meet the requirements of section 101(e)(2) with respect to any person or who fails to meet the requirements of section 302(d)(12)(E) with respect to any person may in the court's discretion be liable to such participant or beneficiary or to such person in the amount of up to $ 100 a day from the date of such failure, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c)(3).[1]

## III. DISCUSSION

A defendant's default is deemed an admission of liability, and all the well-pleaded allegations in the plaintiff's complaint pertaining to liability are deemed true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997) (recognizing that the

---

[1]Plaintiffs' Complaint cites to 29 U.S.C. § 1132(c)(1) as the relevant enforcement provision.

factual allegations in the complaint, except those relating to damages, are deemed true after default). "A defendant's default is deemed to constitute a concession of all well-pleaded allegations of liability, but is not considered an admission of damages." Brigiotta's Farmland Produce & Garden Ctr ., Inc. v. Przykuta, Inc., No. 05-CV-273S, 2006 WL 3240729, *1 (W.D.N.Y. July 13, 2006) (citation omitted). Therefore, although "a finding of liability can be predicated solely on a facially valid complaint, damages must be proven before a final default judgment is entered." Id. (citations omitted).

As the Defendant failed to respond to either Plaintiffs' Complaint, request for an entry of default, or Motion for default judgment, and as an entry of default has been made in this case, the Court deems the relevant and well-plead factual allegations in Plaintiffs' Complaint as true. Accordingly, because the Complaint makes out a violation by Defendant of COBRA benefit notice requirements which shall be assumed true, the Court shall grant default judgment in favor of Plaintiffs.

Plaintiffs, however, must prove damages. See Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). The Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. See Transatlantic Marine, 109 F.3d at 108. Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that, when granting a default judgment, if "it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence . . . the court may conduct such hearings or order such references as it deems necessary and proper." The Second Circuit has held that, under Rule 55(b)(2), "it is not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default

4

judgment." Transatlantic Marine, 109 F.3d at 111 (citation and internal quotations omitted).  In the absence of affidavits and documentary evidence sufficient to provide a basis for the Court to ascertain the proper amount of damages at present, it is necessary that Plaintiffs submit such materials for the Court's consideration. No Order of damages can issue at this time, given the paucity of Plaintiffs' Motion on this issue.  Therefore, the Court shall only address the question of appropriate damages in this case upon a Motion by Plaintiffs containing adequate information for the Court to exercise its discretion under 29 U.S.C. § 1132.

### IV.   CONCLUSION

**ORDERED**, that Plaintiffs' Motion for default judgment is **granted** (Dkt. No. 11), consistent with this opinion; and it is further

**ORDERED**, that the Court shall consider and issue an Order on damages only upon the filing by Plaintiffs of a Motion supported by affidavits and documentary evidence; and that the Court will consider relevant submissions by Defendant on this issue, if such are received in due course; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:     July 09, 2010
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge