UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SCOTT R. CIRIGLIANO, SR. and
KELLI L. CIRIGLIANO, Individually
and on behalf of A.L.C.,
S.R.C., Jr. and A.J.C., Infants,

                        Plaintiffs,

    -against-                                              3:09-CV-0298 (LEK/DEP)

THE VILLAGE OF AFTON,
NEW YORK,

                        Defendant.
_____

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

Plaintiffs brought this action against the Village of Afton, New York ("Defendant" or "Village") on March 9, 2009, alleging that Defendant failed to comply with notice requirements under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). Dkt. No. 1 ("Complaint"). Plaintiffs filed an Application for entry of default (Dkt. No. 9), which the Clerk of the Court granted against Defendant on September 16, 2009. Dkt. No. 10. Plaintiffs then filed a Motion for default judgment against the Defendant. Dkt. No. 11. On July 9, 2010, the Court granted default judgment in favor of Plaintiffs on the issue of liability, but ordered further briefing on the issue of damages. See Dkt. No. 12 ("Default Judgment Order"). Presently before the Court are Plaintiffs' Motion for damages (Dkt. No. 13) ("Motion") and Defendant's Cross-Motion to vacate both the entry of default and default judgment (Dkt. No. 16) ("Cross-Motion"). For the reasons that follow, Plaintiffs' Motion is denied and Defendant's Cross-Motion is granted.

**II.    BACKGROUND**

Plaintiff Scott R. Cirigliano, Sr. was employed by the Village as a police officer, and claims that the Village failed to notify him of his right under COBRA to continue his health insurance after a qualifying event.  Compl. ¶ 5.  Plaintiffs claim that this failure caused them "severe financial damages," including "substantial medical expenses they could not afford."  Id. ¶ 7.

A copy of the Summons and Complaint was served on Sally A. Jenson ("Jenson"), the Village Clerk, on May 27, 2009.  Dkt. No. 14 ("Jenson Affidavit") ¶ 3.  Jenson then forwarded the Summons and Complaint to the Village's liability insurance carrier, New York Municipal Insurance Reciprocal ("NYMIR"), who had handled similar cases for the Village in the past.  Id. ¶¶ 3. NYMIR responded with a letter stating that the subject matter of this lawsuit was outside of their coverage, and that they therefore would not provide a legal defense for the Village.  Id.; see Dkt. No. 14-1. Jenson claims that she mistook this denial letter for NYMIR's standard letter acknowledging receipt of a valid claim and providing notice of coverage.  Jenson Aff. ¶¶ 4-7; compare Dkt. No. 14-1 with Dkt. No. 14-2.  Jenson further claims that she honestly believed that the matter was being handled by Village attorneys, and that she did not deliberately ignore the Summons and Complaint in this matter.  Jenson Aff. ¶ 8.

Plaintiffs were not required under the Federal Rules to notify Defendant of either their Application for an entry of default or their Motion for default judgment.  See FED. R. CIV. P. 55(a); 55(b)(2).  Accordingly, after receiving the Summons and Complaint, the Village was not served with any documents in this action until Plaintiffs filed the Motion for damages that is presently before the Court.  Jenson Aff. ¶¶ 9-10.  After being served with the Plaintiffs' Motion papers on September 13, 2010, Jenson investigated this claim and realized her earlier mistake.  Id. ¶ 12.  The Village then appeared in this action, filing its Cross-Motion to vacate on September 29, 2010.  See

2

Dkt. No. 16.  If the default judgment is vacated, Defendant claims that it has a meritorious defense, in that the Village – as a small employer with fewer than twenty employees – is not in fact subject to the requirements of COBRA.  Dkt. No. 15 ("Westfall Affidavit") ¶ 11.

## III.   DISCUSSION

### A. Standard of Review

A district court may set aside an entry of default for good cause pursuant to Federal Rule of Civil Procedure 55(c), and may set aside a default judgment pursuant to Rule 60(b).  The Second Circuit "has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default."  Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995).  Accordingly, in considering a motion to vacate a default judgment, "all doubts should be resolved in favor of those seeking relief under Rules 55(c) and 60(b)."  Davis v. Musler, 713 F.2d 907, 915 (2d Cir. 1983).  When considering whether to vacate an entry of default or a default judgment, the Court should consider: "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted."  American Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 59 (2d Cir. 1996) (quoting Davis, 713 F.2d at 915); Enron. Oil Corp v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993).  "Although the factors examined in deciding whether to set aside a default or a default judgment are the same, courts apply the factors more rigorously in the case of a default judgment."  Enron, 10 F.3d at 96.  Accordingly, in deciding Defendant's Cross-Motion to vacate, the Court will apply the more stringent standard that has developed pursuant to Rule 60(b).

### B. Cross-Motion to Vacate

#### 1. Willfulness of Default

3

In order to find willfulness in the Rule 60(b) context, the Court must find something more than "a careless or negligent error" on the part of the defaulting party. American Alliance, 92 F.3d at 61. Willfulness should be found when a default "arise[s] from egregious or deliberate conduct," such as "where the moving party had apparently made a strategic decision to default." Id. at 60-61. In this case, Jenson's failure to read the letter from NYMIR more closely was both careless and negligent. However, there is nothing in the record to indicate that Jenson's actions or Defendant's subsequent default were willful or deliberate. The Village did not receive notice when Plaintiffs requested an entry of default, or when Plaintiffs moved for default judgment. After Defendant discovered its error, it promptly responded in this action. Accordingly, the Court finds that Defendant's default was not willful.

### 2. Meritorious Defense

A "defendant seeking to vacate a default judgment need not conclusively establish the validity of the defense(s) asserted." Davis, 713 F.2d at 916. Rather, the defendant need only "present evidence of facts that, if proven at trial, would constitute a complete defense." SEC v. McNulty, 137 F.3d 732, 740 (2d Cir. 1998) (internal quotations omitted). In this case, the Village claims that it is not subject to COBRA requirements because it has fewer than twenty employees. Westfall Aff. ¶ 11; 29 U.S.C. § 1161(b) (" . . . [t]his section shall not apply to any group health plan . . . if all employers maintaining such plan normally employed fewer than 20 employees . . . ."). Defendant has therefore "made a sufficient showing at this juncture to justify further briefing and consideration by the district judge." Davis, 713 F.2d at 916.[1]

---

[1] Defendant also outlines available defenses to state law claims first raised by Plaintiffs in their Response to Defendant's Cross-Motion. See Dkt. No. 22-1 ("Defendant's Reply Memorandum of Law") at 5-6; Dkt. No. 18 ("Plaintiff's Response") ¶ 3. Because these state law

*3. Prejudice to Plaintiffs*

If the default judgment is vacated, a conclusion in this action will be delayed. However, "delay alone is not a sufficient basis for establishing prejudice. Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Id. at 916 (internal citations and quotations omitted). In this case, there is nothing before the Court that would indicate a danger of such prejudice to Plaintiffs.

Based on the foregoing, the Court finds that the Defendant has successfully demonstrated, under the more rigorous standard pursuant to Rule 60(b): (1) that its default was not willful; (2) that it would have a meritorious defense; and (3) that vacating the entry of default and the default judgment would not cause prejudice to Plaintiffs. Accordingly, the Court grants the Defendant's Cross-Motion to vacate both the entry of default and the default judgment.

**C. Motion for Damages**

Plaintiffs' Motion was contingent upon the default judgment entered against Defendant. See Dkt. No. 13. Because the Court has found that the default judgment should be vacated, Plaintiffs' Motion must be denied at this time.

**IV.   CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Defendant's Cross-Motion to vacate the entry of default and default judgment entered against it (Dkt. No. 16) is **GRANTED**, consistent with this Memorandum-

---

claims were neither raised in Plaintiffs' Complaint nor addressed in the Default judgment order, and because Defendant has sufficiently shown one meritorious defense, it is not necessary for the Court to address these claims at the present time. However, the Court grants Plaintiffs leave to file a motion to amend their initial Complaint following the entry of this Order.

5

Decision and Order; and it is further

**ORDERED**, that Plaintiffs are granted leave to file a motion to amend their Complaint within thirty (30) days from the filing date of this Order; and it is further

**ORDERED**, that if Plaintiffs do not file a motion to amend their Complaint within thirty (30) days from the filing date of this Order, Defendants shall file an answer to the present Complaint within sixty (60) days from the filing date of this Order; and it is further

**ORDERED**, that Plaintiffs' Motion for damages (Dkt. No. 13) is **DENIED without prejudice**, consistent with this Memorandum-Decision and Order; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:     September 29, 2011
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge