UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SCOTT R. CIRIGLIANO, SR. and
KELLI L. CIRIGLIANO, Individually and
on behalf of A.L.C., S.R.C., Jr., and A.J.C.,
Infants,

                          Plaintiffs,

    -against-                                           3:09-CV-00298 (LEK/DEP)

THE VILLAGE OF AFTON,
NEW YORK,

                          Defendant.

## MEMORANDUM-DECISION and ORDER

**I.**      **INTRODUCTION**

On March 9, 2009, Plaintiffs brought this action against the Village of Afton ("Defendant" or "Village") alleging that Defendant failed to comply with notice requirements applying to the termination of coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). Dkt. No. 1 ("Complaint"). On September 16, 2009, Plaintiffs were granted an entry of default against Defendant. Dkt. No. 9. On July 9, 2010 the Court issued a default judgment on the issue of Defendant's liability. Dkt. No. 10. On September 10, 2010, Plaintiffs filed a Motion for award of monetary damages. Dkt. No. 13. In response, on September 29, 2010, Defendant filed a Cross-Motion to vacate the entry of default and default judgment against Defendant as well as to oppose Plaintiffs' Motion for damages. Dkt. Nos. 16, 17. On September 29, 2011, the Court granted Defendant's Cross-Motion and granted Plaintiffs leave to file a Motion to amend their Complaint within thirty days. Dkt. No. 23 ("September Order") at 5-6.

Presently before the Court are Plaintiffs' Amended Complaint and Defendant's Motion to

dismiss.  Dkt. Nos. 24 ("Amended Complaint"), 25 ("Motion").  Plaintiffs filed a Response in opposition to Defendant's Motion, and Defendant filed a Reply.  Dkt. Nos. 27 ("Response"), 30 ("Reply").  For the reasons that follow, the Court denies Defendant's Motion to dismiss with respect to Plaintiffs' federal claim as well as the state law claims of Plaintiffs K. Cirigliano and infant Plaintiffs A.L.C., S.R.C., Jr., and A.J.C ("Infant Plaintiffs").  The Court grants Defendant's Motion to dismiss with respect to the state law claim of Plaintiff S. Cirigliano.

## II.  BACKGROUND

In or around April 1997, Plaintiff S. Cirigliano was employed by Defendant as a police officer.  Am. Compl. ¶ 6.  From 2002 until September 2004, Plaintiff S. Cirigliano was the Village's Chief of Police.  Id. ¶¶ 6, 9.  Plaintiffs were enrolled in Defendant's group benefit plan.  See id. ¶ 1. Plaintiff S. Cirigliano was suspended by Defendant in September 2004.  Id. ¶ 9.  Plaintiff S. Cirigliano believes his suspension was the result of an investigation he undertook into what he believed was an unlawful relationship between the Village's then-Mayor and an underage female. Id.  ¶¶ 7-9.

Plaintiff S. Cirigliano claims that he only learned his health insurance coverage had been terminated in February 2005 when, during a scheduled surgery to treat Plaintiff A.L.C.'s muscular dystrophy, Plaintiff S. Cirigliano was informed by the hospital of insurance problems.  Id. ¶ 15.  He further alleges that Defendant never informed him of the termination of his health insurance or of his "right to elect continuation coverage."  Id. ¶¶ 11-12.  As a result, Plaintiffs contend that they owe thousands of dollars from the lack of insurance to cover A.L.C.'s surgery; and, consequently, that they have endured the garnishment of wages, repossession of family vehicles, loss of their home, and the sale of items of personal property.  Id. ¶ 15.  Plaintiffs further allege that the incumbent

stress has: exacerbated S. Cirigliano's cluster headaches forcing him to seek the treatment of a mental health professional; caused K. Cirigliano to suffer panic attacks that led her to terminate her employment; and forced the family into separate residences. Id. ¶¶ 16-17.

Plaintiffs' Amended Complaint alleges two causes of action that are based on Plaintiff S. Cirigliano's suspension being considered a "qualifying event" for the purposes of state and federal laws regulating group healthcare policies. Id. ¶ 10.  First, Plaintiffs allege that, in spite of the "qualifying event," Defendant has never provided Plaintiffs with notice of their right to elect continuation of healthcare coverage under COBRA (the "federal claim"). Id. ¶¶ 11-13.  Second, Plaintiffs contend that Defendant's failure to provide notice also violates New York State Insurance and Labor laws (the "state claims"). Id. ¶ 2.  Plaintiffs believe that Defendant was aware of its failure to provide Plaintiffs with notice of the termination of Plaintiffs' healthcare insurance, and that Defendant discussed such failure during Village Board meetings.  Resp. ¶¶ 10-12.  Accordingly, Plaintiffs seek monetary damages in the amount of "$100.00 per day from September 1, 2004."  Am. Compl. ¶ 18.

### III.  STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept all [factual] allegations in the complaint as true and draw all inferences in the light most favorable to" the non-moving party. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). "Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007) (citations omitted).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 570). Facial plausibility exists "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Additionally, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.

A claim may also be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction if the "court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. Id. But, the Court may consider evidentiary matter beyond the pleadings and courts have frequently required that "the party asserting jurisdiction be permitted discovery of facts demonstrating jurisdiction, at least where the facts are peculiarly within the knowledge of the opposing party." See Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986).

**IV.  DISCUSSION**

   **A. Amended Complaint**

As a threshold matter, the Court considers whether to allow Plaintiffs' Amended Complaint. In its September Order, the Court granted Plaintiffs leave to file a Motion to amend their Complaint. Sept. Order at 6. However, Plaintiffs have not filed such a motion. See generally Dkt. Rather, on October 28, 2011, Plaintiffs filed an Amended Complaint and served a copy on Defendant. See generally Am. Compl. The Amended Complaint supplements Plaintiffs' initial claim that

4

Defendant failed to provide notice of Plaintiffs' right to continuing coverage under COBRA with similar failure to notify claims under New York State law: New York State Insurance Law § 3221(m), New York Labor Law § 217, and New York Labor Law § 195(6). Id. ¶ 2.

Defendant contends that Plaintiffs' Amended Complaint should be disregarded because Plaintiffs failed to move for leave to amend from the Court and the time granted for Plaintiffs to move to amend has expired. Defendant's Memorandum of law in support of Motion to dismiss (Dkt. No. 26) ("Defendant's Memorandum") at 3. Under Rule 15(a)(2), Plaintiffs may only amend their pleading "with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Nevertheless, the "court should freely give leave when justice so requires." Id. Generally:

> if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 230 (1962). Prejudice to the non-movant must be considered in determining whether to grant leave to amend. See, e.g., Zenith Radio Corp. v. Hazeltine Res., Inc., 401 U.S. 321, 331 (1971).

Notwithstanding Plaintiffs' failure to properly move the Court to amend, the Amended Complaint is not futile because the added state claims may provide a basis for relief. See discussion infra Part C. Also, it does not appear that Plaintiffs seek to delay or prolong litigation: Plaintiffs first referred to potential state claims in the October 14, 2010 affidavit of Plaintiff S. Cirigliano filed in opposition to Defendant's Cross-Motion to vacate, Dkt. No. 18 ¶ 3; there have been no previous amendments in the proceedings; and Plaintiffs filed the Amended Complaint within the thirty day

window granted by the Court for Plaintiffs to move to amend.  See generally Dkt.

Moreover, Defendant will not be prejudiced by the acceptance of the Amended Complaint. Defendant has not argued that it would suffer any prejudice.  See Def.'s Mem. at 3.  The addition of claims under New York State law does not substantially change the failure to notify theory on which Plaintiffs based their original complaint, and Defendant was able to timely respond to Plaintiffs' new claims in its Motion to dismiss.  See generally Compl.; Am. Compl.; Mot.  Consequently, the Court would have granted Plaintiffs leave to amend had the proper procedural technicalities been followed.[1]

Although the Court does not endorse the circumvention of these procedures, there is a strong interest in adjudicating claims on the merits.  See Phaneuf v. Tenneco, Inc., 938 F. Supp. 112, 115 (N.D.N.Y. 1996) ("underlying premise behind the liberal construction of the Rule 15 is to afford a plaintiff 'an opportunity to test his claims on the merits' rather than lose on a procedural imperfection.") (quoting Foman, 371 U.S. at 182).[2]  Furthermore, since the Court denies Defendant's Motion to dismiss the COBRA claim in the initial complaint, judicial efficiency requires not refusing Plaintiffs' Amended Complaint only to allow Plaintiffs to subsequently amend. Accordingly, the Court allows Plaintiffs' Amended Complaint and uses it to evaluate the sufficiency

---

[1] See, e.g., Abbatiello v. Monsanto, Co., 571 F. Supp. 2d 548 (S.D.N.Y. 2008) (finding no grounds to deny leave to amend where information required to respond to amended complaint was substantially similar, already discoverable under initial complaint, and amendment would not delay litigation since discovery was not complete).

[2] See also Straub v. Desa Indus., Inc., 88 F.R.D. 6, 8-9 (M.D. Pa. 1980) (holding that an "amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought, and when it does not appear that any of the parties will be prejudiced by allowing the change" because to do so "is in keeping with the overall liberal amendment policies of Rule 15(a) and the general policy of minimizing needless formalities.").

of Plaintiffs' claims.

### B. COBRA Claim

Plaintiffs' first cause of action alleges that Defendant failed to provide Plaintiffs, as participants and beneficiaries of a group health plan offered by Defendant, with notice of their "right to continuation of coverage under 29 U.S.C. 1161, *et seq*." See Am. Compl. ¶¶ 1-2. Under 29 U.S.C. § 1161(a), individuals who would lose group health plan coverage as the result of a "qualifying event" are entitled to elect continuation coverage under the plan. Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1161(a). Qualifying events include the termination or reduction of hours of the "covered employee's employment." Id. §1163(2). In such cases, the plan administrator is required to notify any qualified beneficiary of "such beneficiary's rights" to elect continuation coverage. See id. § 1166(a)(4)(A). Plaintiffs claim that Plaintiff S. Cirigliano's suspension was a qualifying event and that, to date, Defendant has never notified Plaintiffs of their right to elect continuation coverage. Am. Compl. ¶¶ 11-12.

Defendant contends that Plaintiffs' COBRA cause of action fails to state a claim for which relief is available because Defendant is a "small employer" and so is exempt from the requirement to provide continuation coverage or notice thereof. See Def.'s Mem. at 4-5. An employer that "normally employed fewer than 20 employees on a typical business day during the preceding calendar year" is excepted from the requirements of § 1161(a) to provide continuation coverage. 29 U.S.C. § 1161(b).

In support of Defendant's Motion to dismiss, and to demonstrate that it qualifies for the small employer exemption, Defendant submitted an Affidavit from Ann Palmatier, the Village Clerk/Treasurer for the Village of Afton. Dkt. No. 30-1 ("Palmatier Affidavit"). Palmatier attests

7

that she reviewed the payroll information for the Village from 2000 to the present, and that the Village has "always had fewer than twenty (20) employees for at least the last ten (10) years." Id. ¶¶ 3-5. Defendant also provided a summary chart of its payroll information showing that a total of nineteen individuals (including Plaintiff S. Cirigliano) were employed by the Village at some point during the calendar year preceding Plaintiff S. Cirigliano's suspension. See id. at Exhibit 1.

However, "because a Rule 12(b)(6) motion challenges the facts alleged on the face of the complaint, or, more accurately, the sufficiency of the statements in the complaint," the Court is limited in what matters may be "considered in assessing the complaint's sufficiency." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) (internal citations omitted). When presented with matters outside the pleadings, the Court may either exclude the extrinsic documents or convert the motion into one for summary judgment and give the parties the opportunity to conduct appropriate discovery under Rule 56. Chambers v. Time Warner, Inc., 282 F.3d 147, 154 (2d Cir. 2002). The Court may consider evidence beyond the four corners of the Complaint only where the plaintiff had "actual notice of all the information in the movant's papers" and "relied upon these documents in framing the complaint." Cortec, 949 F.2d at 48. This requirement embodies the notion that "consideration of extraneous material in judging the sufficiency of the complaint is at odds with the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2)." Chambers, 282 F.3d at 154.

Here, there is no evidence Plaintiffs had reason to know the total number of Defendant's employees or relied on such knowledge in drafting their Complaint. See also Dkt. No. 18 ¶ 2 (attestation of S. Cirigliano that he was "unaware of exactly how many employees the Village of Afton had at the time [he] was Village Police Chief."). Consequently, the Court cannot consider

8

Defendant's extrinsic evidence that it had less than twenty employees in evaluating the sufficiency of Plaintiffs' Amended Complaint.[3]

Since Plaintiffs factually allege that Plaintiff S. Cirigliano was suspended, that this event led to the discontinuation of Plaintiffs' healthcare coverage, and that Defendant has not notified Plaintiffs of the option to continue coverage, Plaintiffs' Complaint is sufficiently facially plausible to state a claim for which relief may be available. See Am. Compl ¶¶ 9-15. Accordingly, Defendant's Motion to dismiss the COBRA claim under Rule 12(b)(6) is denied.

**C. State Claim**

Plaintiffs' second cause of action alleges that Defendant failed to provide notice of the termination of Plaintiffs' healthcare benefits as required by New York State Labor Law § 195(6) and also of Plaintiffs' right to continuation coverage under New York State Insurance Law § 3221(m). See Am. Compl. ¶¶ 2, 10-12.

*1. Claim Preclusion – S. Cirigliano*

Defendant contends that Plaintiffs' current "claim that the Village failed to properly notify the Plaintiff under New York State Law is the same claim" made by Plaintiff S. Cirigliano in state court in 2006,[4] and is therefore precluded.[5] See Dkt. No. 30-2 ("Defendant's Reply Memorandum")

---

[3] The Court emphasizes that it has merely reviewed Defendant's supplemental documents with regards to the standard of review for motions to dismiss. The Court has not made an evaluation of the merits of Defendant's defense and Defendant is not barred from raising this defense later in the proceedings.

[4] On February 28, 2006, Plaintiff S. Cirigliano filed a Complaint in New York State Supreme Court against Defendant. See Dkt. No. 30 (Exhibit A) ("State Complaint"). The State Complaint included a claim for negligent termination of S. Cirigliano's employee benefits by Defendant. Id. ¶ 13. On November 15, 2006, Plaintiff's State Complaint was dismissed. See Dkt. No. 25-1 ("State Order"). Plaintiff's claim for wrongful termination of his medical insurance and subsequently incurred medical costs was dismissed for Plaintiff's failure to file a Notice of Claim as

at 7. Based on this language, it appears to the Court that Defendant is basing its preclusion argument on res judicata (claim preclusion) rather than collateral estoppel (issue preclusion) principles.[6]  Plaintiffs argue that the instant claim is not precluded because it is not a negligence suit but rather is based on Defendant's "failure to properly notify [S. Cirigliano] under New York State Labor Law section 195(6)." See Plaintiffs' Memorandum of Law in response to Motion to dismiss (Dkt. No. 27-7) ("Plaintiffs' Response Memorandum") at 4.

In assessing the preclusive effect of the 2006 State Order, the Court must apply the "state's principles of res judicata and collateral estoppel." Town of Deerfield v. F.C.C., 992 F.2d 420, 429 (2d Cir. 1993).  To determine whether Plaintiff S. Cirigliano is claim precluded, the Court must first determine the scope of the "cause of action" in the 2006 state court litigation. See, e.g., Rowley, Forrest, O'Donnell & Beaumont, P.C. v. Beechnut Nutrition Corp., 865 N.Y.S.2d 390, 392 (N.Y. App. Div. 2008) (finding well settled that res judicata applies if the party to be barred had a "full and fair opportunity to litigate any cause of action arising out of the same transaction.") (citing Kinsman v. Turetsky, 627 N.Y.S.2d 430, 431 (N.Y. 2005)).  However, defining a "cause of action" creates conflicting policy problems between the goals of claim preclusion in providing "finality in

---

required by New York State General Municipal Law 50-i. Id. at 8.

[5] Defendant does not argue that Plaintiff S. Cirigliano's COBRA claim should also be claim precluded. See generally Def.'s Reply Mem. In any event, the "district courts of the United States" have "exclusive jurisdiction" over claims under 29 U.S.C. § 1166(a)(4), see 29 U.S.C. § 1132(e)(1), and so Plaintiff was not able to bring his COBRA cause of action in state court.

[6] Defendant makes references to claim preclusion (based on the identity of the current action with S. Cirigliano's 2006 action) as well as to issue preclusion (arguing that Plaintiffs cannot make a claim for relief requiring a notice of claim based on the determination of the state court that S. Cirigliano did not file a notice of claim). See Def.'s Mem. at 6; Def.'s Reply Mem. at 7. The Court applies claim preclusion principles to S. Cirigliano's state claim whereas the Court does not address whether issue preclusion estops the remaining Plaintiffs. See discussion infra Part C.4.

the resolution of disputes," considering "judicial economy," and not depriving a litigant of his day in court. See Reilly v. Reid, 45 N.Y.2d 24, 28 (N.Y. 1978).  In New York, a cause of action includes "all or any part of the transaction, or series of connected transactions, out of which the action arose." Id. at 29.  In determining what constitutes a "transaction," the Court must consider whether the facts are "related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Id. citing RESTATEMENT (SECOND) OF JUDGMENTS § 61.

Here, Plaintiff S. Cirigliano's state claim arises out of the same facts that gave rise to his 2006 state court action.  The state court action was based on allegations that: Plaintiff's health insurance was canceled by Defendant; Defendant negligently failed to notify Plaintiff of this termination; and Plaintiff S. Cirigliano incurred substantial medical costs and suffered damages as a result of his reliance on the belief he was still covered by his employee benefits.  See State Compl. ¶¶ 11-14.  In the instant litigation, Plaintiffs claim: that Defendant suspended Plaintiff S. Cirigliano resulting in the termination of his medical insurance; that Defendant failed to comply with state statutes requiring that Defendant notify S. Cirigliano of the termination of his benefits as well as his right to elect continuation coverage; and that, as a result, Plaintiffs suffered considerable economic and personal loss.  See Am. Compl. ¶¶ 9-17.  Consequently, Plaintiff S. Cirigliano's current claim arises under the same transaction as his 2006 state action and so would be precluded under New York law.

Plaintiff S. Cirigliano asserts that he could not have brought the current state law claim under the March 1, 2006 state action because "he did not actually learn of the failure to provide notice" until a conversation with a Village Board member on October 31, 2006.  See Pls.' Resp.

Mem. at 4.[7]  This argument lacks merit.

      Plaintiffs' claim based on a failure to provide notice accrued as of Plaintiff S. Cirigliano's suspension.  See N.Y. LAB. LAW § 195(6).  Section 195(6) provides that every employer must notify a terminated employee of the date of cancellation of employee benefits, within five working days from the date of termination.  Id.[8]  However, these facts do not exempt Plaintiff from the burden of bringing all potential claims arising from Defendant's failure to notify in the initial cause of action.[9] That Plaintiff S. Cirigliano has discovered a new statutory basis for recovery for Defendant's same failure to notify does not create a new cause of action because Plaintiff has merely changed the legal theory behind his claim.  The doctrine of res judicata does not allow "plaintiff to bring countless actions, one at a time, until plaintiff happens upon a legal theory that achieves the desired result." See Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 600 F.3d 190, 199 (2d Cir. 2010) (applying New York preclusion standards to find res judicata barred plaintiff who previously sought to hold insurer liable under business interruption provision from subsequently seeking recovery on

---

[7] Plaintiffs have submitted an audio recording of this conversation.  Dkt. No. 27, Exhibit 5A-5E.  However, Plaintiffs have provided no legal theory to support their claim that this exempts Plaintiffs from the preclusive effects of res judicata.

[8] Although there is an absence of cases interpreting §195(6) and no statutory definition of "termination," the statute is geared towards "insuring that employees receive notice of important decisions made by their employer," such as termination of health insurance coverage.  See Cohen v. Stephen Wise Free Synangogue, No. 95 Civ. 1659, 1996 WL 159096, at *3 (S.D.N.Y. Apr. 4, 1996).  Accordingly, where the termination of Plaintiffs' healthcare coverage coincided with his suspension, the statutory purpose of §195 supports construing this suspension as a termination for the purpose of notification requirements.

[9] See, e.g., St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000) (explaining that under claim preclusion "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.") (internal citation omitted); Rowley, 865 N.Y.S.2d at 392 (stating res judicata bars litigation of a claim that "was either raised, or could have been raised").

theories under other insurance policy provisions).

Consequently, while § 195(6) may have provided Plaintiff S. Cirigliano with a claim for relief, he is barred by the doctrine of res judicata from asserting the claim now and the Court dismisses the claim under Rule 12(b)(6) for failure to state a claim for which relief is available.[10]

### 2. *Claim Preclusion – Plaintiff K. Cirigliano*

Defendant also argues that the 2006 State Order has preclusive effect on Plaintiff K. Cirigliano and so her state claim should be dismissed. See Def.'s Reply Mem. at 7 ("The 2006 State Court Decision precludes the Adult Plaintiffs' claims in District Court."). Res judicata generally binds parties and those in privity. See Watts v. Swiss Bank Corp., 27 N.Y.2d 270, 277 (N.Y. 1970). A nonparty is in privity if there is a connection "such that the interests of the nonparty can be said to have been represented in the prior proceeding." Green v. Santa Fe Indus., Inc., 70 N.Y.2d 244, 253 (N.Y. 1987) (providing examples where New York courts have found privity). Alternatively, privity may exist if a nonparty to the prior action was so involved that the nonparty essentially controlled the litigation. See Watts, 27 N.Y.2D at 277; Tamily v. Gen. Contracting Corp., 620 N.Y.S.2d 506, 509 (N.Y. App. Div. 1994). However, privity cannot be based on a spousal relationship alone. Birnbaum v. Birnbaum, 582 N.Y.S.2d 124, 126 (N.Y. App. Div. 1992).

---

[10] Although res judicata is an affirmative defense under Rule 8(c), the defense may be upheld on a 12(b)(6) motion to dismiss when all relevant facts are pled or shown by records of which the court may take notice. See Day v. Moscow, 955 F.2d 807, 811 (2d Cir. 1992); also Ambase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63, 72 (2d Cir. 2003) (basing district court dismissal for res judicata on final state court judgment); Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74-75 (2d Cir. 1998) (stating district court may consider extrinsic evidence that is matter of public record or of which plaintiff had notice in dismissing claim under res judicata) (internal citation omitted); Muia v. Brookview Rehab Funding, LLC, No. 1:10-CV-1315, 2012 WL 1014753, at *6 (N.D.N.Y. Mar. 30, 2012) (finding district court claim was precluded based on copy of prior decision in New York Supreme Court).

Plaintiff K. Cirigliano was not a party to the state action. See State Compl.; State Order. Plaintiff K. Cirigliano's name appears nowhere in the State Complaint and Defendant has produced no other evidence demonstrating that either her interests were represented or that she controlled the state action. See id. As such, Defendant has not established Plaintiff K. Cirigliano was in privity for the purposes of the State Order. Accordingly, at this stage, res judicata is not a grounds for the dismissal of Plaintiff K. Cirigliano's state claim.[11]

### 3. Beneficiary Status – Infant Plaintiffs

Plaintiffs claim that Infant Plaintiffs are entitled to recover because they are "direct beneficiaries" or "at the very least, third party beneficiaries" of Plaintiff S. Cirigliano's benefits agreement with Defendant. Pls.' Resp. Mem. at 1. Defendant argues that this assertion alone is insufficient and unsupported, and that Infant Plaintiffs' claims should therefore be dismissed. See Def.'s Reply Mem. at 6-7.

For Infant Plaintiffs to be third-party beneficiaries, Plaintiffs must allege: "(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [Infant Plaintiffs'] benefit and (3) that the benefit to [Infant Plaintiffs] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [Infant Plaintiffs] if the benefit is lost." Fishbein v. Miranda, 670 F. Supp. 2d 264, 274 (S.D.N.Y. 2009) (quoting State of California Pub. Employees' Ret. Sys. v. Shearman & Sterling, 95 N.Y.2d 427, 434-35 (N.Y. 2000)). In determining third-party beneficiary status, the court may "look at the

---

[11] The Court's determination that Plaintiff K. Cirigliano's state claim is not barred is based solely upon the limited arguments provided by the parties in their memoranda and on basic principles of privity. Defendant is not precluded from establishing res judicata as a defense later in the proceedings.

14

surrounding circumstances as well as" the agreement.  Id. at 275.[12]

Here, Plaintiffs allege that there is a valid contract between other parties because Plaintiffs allege that there is an agreement between Plaintiff S. Cirigliano and Defendant for enrollment in Defendant's group benefit plan.  Am. Compl. ¶ 1.  Second, Plaintiffs allege that the contract was intended for Infant Plaintiffs' benefit because Plaintiffs allege Defendant was aware of and intended for Infant Plaintiffs to be covered as beneficiaries.  See Sep. 2010 Affidavit of S. Cirigliano in support of Plaintiffs' Motion for monetary damages (Dkt. No. 13) ¶ 3 ("while I was still their employee, an issue arose in connection with my daughter's condition and insurance coverage, which the Village Board had to discuss.").[13]  Third, Plaintiffs allege that the benefit to Infant Plaintiffs from the contract is immediate because it is the very nature of health insurance benefits that they provide coverage in the event of a claim and Defendant was "on notice" that a surgery was scheduled for Infant Plaintiff A.L.C.  See Am. Compl. ¶ 15.  Accordingly, Plaintiff has made sufficient factual claims for the Court to infer Infant Plaintiffs are beneficiaries or third-party beneficiaries of S. Cirigliano's benefits agreement with Defendant.[14]

---

[12] In Fishbein, it was sufficient for a plaintiff medical fund to allege that a union had entered into a CBA with various contributing employers, that it was believed the contract was intended to benefit plaintiff because the CBA provided for remittance of money to plaintiff, and that such allocations were immediate because plaintiff alleged they were owed on a weekly basis.  670 F. Supp. at 275.

[13] See Fourth Ocean Putnam Corp. v. Interstate Wrecking Co., 66 N.Y.2d 38, 44 (N.Y. 1985) (highlighting as a consideration in determining if a party is an intended beneficiary whether the promisor and promisee acted so as "to make reliance by the beneficiary both reasonable and probable").

[14] The Court denies Defendant's Motion to dismiss on the basis that Plaintiffs have not established Infant Plaintiffs are entitled to relief as beneficiaries or third-party beneficiaries without prejudice to Defendant bringing further evidence on the issue subsequently in the proceedings.

    *4. Notice of Claim*

  Finally, Defendant argues that the Court lacks subject matter jurisdiction over the state law claims of Plaintiff K. Cirigliano and Infant Plaintiffs because these Plaintiffs never filed a notice of claim pursuant to New York General Municipal Law § 50-i.  <u>See</u> Def.'s Reply Mem. at 4-6.  Under § 50-i, no action can be prosecuted against a village "for personal injury, wrongful death or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such . . . village," unless a notice of claim has been served.  N.Y. GEN. MUN. LAW §50-i.  As a condition precedent, the notice of claim must be served on the village within ninety days after the claim arises.  <u>Id.</u> § 50-e.  And, generally, in a federal court "state notice-of-claim statutes apply to *state*-law claims."  <u>Hardy v. NYC Health & Hosp. Corp.</u>, 164 F.3d 789, 793 (2d Cir. 1999) (emphasis in original).

  But, while Defendant notes that Plaintiffs made no reference in their Complaint to having filed a Notice of Claim,[15] and Plaintiffs do not claim to have applied for an extension to file or leave to serve a late notice of claim,[16] Defendant does not establish that a notice of claim is required for Plaintiffs' state claims.  Section 50-i outlines the requirements for the "presentation of tort claims" while § 50-e refers specifically to cases "founded upon tort where a notice of claim is required by law."[17]  N.Y. GEN. MUN. LAW §§ 50-e, 50-i.  Although Plaintiff S. Cirigliano's 2006 state action

---

[15] Def.'s Reply Mem. at 5; <u>see also</u> N.Y. GEN. MUN. LAW §50-i (requiring that the complaint allege that at least thirty days have elapsed since the service of any notice of claim).

[16] Def.'s Reply Mem. at 5; <u>see also</u> N.Y. GEN. MUN. LAW §50-e(5) (outlining that party must seek leave of court to serve late notice and that infancy is merely a factor considered by the court in whether or not it will grant leave).

[17] <u>See also</u> <u>Mills v. Cnty of Monroe</u>, 453 N.Y.S.2d 486, 486 (N.Y. App. Div. 1982) (finding § 50-i is confined to "tort claims for personal injury, wrongful death, or damage to property and not

was based on the tort theory of negligence, State Compl. ¶ 13, the instant claim is premised on statutory requirements for notifying employees of the termination of employee benefits under New York Labor Law § 195(6) and for providing continuation coverage under New York Insurance Law § 3221(m).[18] As a result, based on the jurisprudence cited by the Defendant[19] and the Court's statutory interpretation, the Court concludes that Plaintiffs' state law claims are not tort actions subject to § 50-i's notice of claim requirements and that Defendant has not established a grounds for dismissal of Plaintiff K. Cirigliano's and Infant Plaintiffs' state law claims.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiffs' Amended Complaint (Dkt. No. 24) is **ALLOWED**; and it is

---

to torts generally" so notice of claim requirement does not extend to civil rights claim for discrimination under New York Executive Law § 296); Dimonda v. NYC Police Dept., No. 94 CIV. 0840, 1996 WL 194325, at *5-6 (S.D.N.Y. Apr. 22, 1996) (summarizing cases and holding application of section 50-i limited to specific torts claims and not to claims under New York Human Rights Law).

[18] See Treanor v. Metro. Transp. Auth., 414 F. Supp. 2d 297, 304 (S.D.N.Y. 2005) (stating New York courts have held "insurance-related claims founded on statute are not torts subject to notice of claim requirements"); cf. Mattson v. Farrell Distrib. Co., 163 F. Supp. 2d 411, 416-419 (D. Vt. 2001) (holding that a violation of COBRA notice requirement is a statutory claim not analagous to a common law tort for personal injury or damage to personal property so is governed by statute of limitations requirements for economic damages).

[19] The cases cited by Defendant, see Def.'s Reply Mem. at 6, are distinguishable and do not establish that GML § 50-i extends to the current claim: Hardy, 164 F.3d at 793-94 (applying state notice of claim requirement to federal statute that was enacted to fill a gap in state tort law); Houston v. Nassau Cnty., No. 08-CV-00197, 2011 WL 477732, at *7 (E.D.N.Y. Feb. 2, 2011) (dismissing for lack of notice a tort claim for defamation); Drees v. Cnty. of Suffolk, No. 06-CV-3298, 2007 WL 1875623, at *13 (E.D.N.Y. June 27, 2007) (dismissing for lack of notice of claim based upon New York County Law § 52, which expands § 50-i beyond tort claims to require that a notice of claim be filed for *any* "claim for damages arising at law or in equity" and applies only to claims against counties).

further

**ORDERED**, that Defendant's Motion to dismiss (Dkt. No. 25) is **GRANTED in part and DENIED in part**, consistent with this Memorandum-Decision and Order; and it is further

**ORDERED**, that Defendant's Motion to dismiss (Dkt. No. 25) is **DENIED** with respect to Plaintiffs' federal claim under COBRA; and it is further

**ORDERED**, that Defendant's Motion to dismiss (Dkt. No. 25) is **DENIED** with respect to the state law claims of Plaintiffs K. Cirigliano and Infant Plaintiffs A.L.C., S.R.C., Jr., and A.J.C.; and it is further

**ORDERED**, that Defendant's Motion to dismiss (Dkt. No. 25) is **GRANTED** with respect to the state law claim of Plaintiff S. Cirigliano; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

DATED:     July 09, 2012
           Albany, New York

_/s/ Lawrence E. Kahn_
Lawrence E. Kahn
U.S. District Judge